UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TRACY WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11CV93 SNLJ |
| | ) | |
| TRINITY INDUSTRIES, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint, #6. The motion has been fully briefed and is ripe for disposition.

**I. Procedural and Factual Background**

For purposes of defendants' motion, the factual allegations pled in plaintiff's complaint are assumed true. Plaintiff filed her complaint claiming that her former employer, Trinity Marine Products, Inc. ("Trinity Marine"), and its parent company, Trinity Industries, Inc., violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), by requiring her to take FMLA leave, requiring her to obtain fit-for-duty examinations and opinions from three separate physicians, refusing to allow her to return to work, and terminating her employment. *See* Compl. ¶¶ 27-29. Plaintiff worked at defendants' Caruthersville, Missouri facility as a welder, a physically demanding position, from 2007 until May 2009.

In May 2009, Trinity Marine believed that she had a serious medical condition and required her to take leave from work under the FMLA. Plaintiff was cleared to return to work, without any physical restrictions, by three, separate physicians, but defendants refused to permit

her to return to work and later informed her that her FMLA leave had expired. Defendant terminated plaintiff's employment in either August or September 2009.

Plaintiff claims that defendants interfered with her FMLA rights and/or discriminated against her in violation of the FMLA by refusing to allow her to return to work, refusing to accept the multiple medical opinions stating that she was physically capable of performing her job, and by terminating her employment following her FMLA leave. Defendants argue that plaintiff has failed to state a cause of action because she did not qualify for relief under the FMLA, since she alleges that she did not actually have a serious medical condition.

**II.     Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

**III.  Discussion**

The Family and Medical Leave Act "provides job security to employees who must miss work because of their own illnesses, to care for family members, or to care for new babies," and

provides eligible employees up to twelve work-weeks of unpaid leave during any twelve-month period. *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006) (citing 29 U.S.C. § 2612(a)(1)(A)-(D)). Two types of claims exist under the FMLA:

> (1) "interference" or "(a)(1)" claims in which the employee alleges that an employer denied or interfered with his substantive rights under the FMLA and (2) "retaliation" or "(a)(2)" claims in which the employee alleges that the employer discriminated against him for exercising his FMLA rights.

*Id.* (citing 29 U.S.C. § 2615(a)(1)-(2)). Plaintiff has pled that defendants' actions in refusing to allow her to return to work and in terminating her employment constituted prohibited interference and/or discrimination under the FMLA. Thus, the Court will analyze whether plaintiff has stated a claim under both § 2615(a)(1) and § 2615(a)(2).

**A. Plaintiff's FMLA Interference Claim**

The Court first turns to whether plaintiff has stated a claim under § 2615(a)(1) for interference with her FMLA rights. Under the FMLA, an employer is prohibited from denying, restraining, or interfering with an employee's exercise of, or attempt to exercise, any right afforded thereunder. *Rabe v. Nationwide Logistics, Inc.*, 530 F.Supp.2d 1069, 1074 (E.D. Mo. 2008) (citing 29 U.S.C. § 2615(a)(1)). Interference claims may be based on an employer refusing to authorize FMLA leave, discouraging an employee from using such leave, and/or avoiding the responsibilities imposed by the FMLA. *Stallings*, 447 F.3d at 1050 (citing 29 C.F.R. § 825.220(b)). This Court and others in this circuit have provided that, in order to establish an interference claim, a plaintiff must prove: (1) she was an eligible employee, (2) the defendant was plaintiff's employer, (3) she was entitled to leave under the FMLA, (4) she gave the defendant notice of her intent to take such leave, and (5) the defendant denied plaintiff an FMLA

benefit to which she was entitled.  *Ruble v. American River Transp. Co.*, 799 F. Supp.2d 1017, 1022-23 (E.D. Mo. June 29, 2011) (citing *Lopez v. St. Paul Public Schools*, 2011 WL 13957, *5 (D. Minn. January 4, 2011); *see also Ponder v. Verizon North, Inc.*, 2010 WL 4868080, *4 (E.D. Mo. November 23, 2010) (citing *Dollar v. Smithway Motor Xpress, Inc.*, 2010 WL 3723900, *8 (N.D. Iowa September 15, 2010)).

In her complaint, plaintiff has alleged that she "began a period of FMLA leave for a medical problem that Trinity believed she had, but that she did not have."  Compl. ¶ 8. Defendants argue that plaintiff has failed to state an interference claim because she was not entitled to leave under the FMLA in that her complaint states she did not have a serious medical condition.  Plaintiff contends that defendants have, by their actions in forcing her to take FMLA leave and undergo multiple medical evaluations, admitted that she was entitled to such leave.  In addition, plaintiff states that courts have recognized an interference claim when employers have forced their employees to take involuntary FMLA leave.  Defendants counter that the cases do not support a cause of action for involuntary leave and instead rely on a ruling of a district court within the First Circuit, which states that the FMLA "does not provide for claims based on an employer's mistaken perception of its employee's health."  *Duhy v. Concord General Mut. Ins. Co.*, 2009 WL 1650024, *7 (D.N.H. June 10, 2009).[1]

This Court finds that plaintiff has not stated a claim for interference with her FMLA rights pursuant to § 2615(a)(1).  The FMLA provides that an eligible employee is entitled to leave if she has "a serious health condition that makes the employee unable to perform the

---

[1]In *Duhy*, the court granted the defendant's motion for summary judgment on plaintiff's FMLA retaliation claim, not a claim of interference with FMLA rights.  2009 WL 1650024 at *7. Therefore, *Duhy* is inapplicable to plaintiff's interference claim.

functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Since plaintiff has alleged that she did not have a serious medical condition, she cannot establish that she was entitled to FMLA leave. *Id.*; *Ruble*, 799 F. Supp.2d at 1022-23. However, a district court within this circuit has stated that "an employer may 'interfere' with an employee's right to FMLA leave by forcing the employee to take leave that he or she did not request or need," regardless of whether the employee actually had a serious medical condition. *Hearst v. Progressive Foam Technologies, Inc.*, 682 F. Supp.2d 955, 967 (E.D. Ark. 2010) (citing *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 447 (6th Cir.2007) and *Heyne v. HGI-Lakeside, Inc.*, 589 F. Supp.2d 1119, n.13 (S.D. Iowa 2008)). In *Hearst*, the plaintiff claimed that his former employer interfered with his FMLA rights "by making him take more leave than he needed or requested" and by terminating his employment after his FMLA leave had been exhausted and he failed to return to work. *Id.* at 958-59. As has been alleged in this case, a claim for interference with FMLA rights relating to involuntary leave "requires an employee to have been forced to take FMLA leave even though the employee does not have a 'serious health condition' that precludes [her] from working." *Id.* at 967.

Even under an involuntary leave theory, plaintiff has failed to state a claim. This circuit has not adopted the involuntary leave theory in FMLA interference claims, and even if it were to do so, plaintiff would not be able to base her claim on that theory because an "employee's claim ripens only when and if the employee seeks FMLA leave at a later date, and such leave is not available because the employee was wrongfully forced to use FMLA leave in the past." *Wysong*, 503 F.3d at 449; *see also Hearst*, 682 F. Supp.2d at 967-68. Plaintiff has not alleged that she was forced to use FMLA leave in the past and sought to use such leave at a later date, but that

additional leave was denied because of her previous use of involuntary FMLA leave.² Therefore, plaintiff's claim of interference with her FMLA rights based on an involuntary leave theory would not be ripe, according to the allegations in her complaint, and will be dismissed. *See Hearst*, 682 F. Supp.2d at 968, n.96; 29 U.S.C. § 2612(a)(1)(D).

### B. Plaintiff's FMLA Discrimination/Retaliation Claim

The Court next turns to whether plaintiff has stated a claim for discrimination or retaliation pursuant to § 2615(a)(2). The FMLA "prohibits employers from discriminating against an employee for asserting [her] rights under the Act." *Stallings*, 447 F.3d at 1051. "This prohibition necessarily includes consideration of an employee's use of FMLA leave as a negative factor in an employment action." *Id.* (internal quotation omitted). To state a claim for FMLA retaliation, an employee must show that: "1) she engaged in protected conduct; 2) she suffered a materially adverse employment action; and 3) the materially adverse action was causally linked to the protected conduct." *Wierman v. Casey's General Stores*, 638 F.3d 984, 999 (8th Cir. 2011).

Again, defendants contend that plaintiff has failed to state a claim because she cannot establish that she was entitled to the benefit denied her under the FMLA in that she did not have a serious medical condition. Defendants' assertion, however, is an argument based upon the standard for establishing an FMLA interference claim, not a discrimination/retaliation claim,

---

²Plaintiff may not rely on *Kleinser v. Bay Park Community Hospital* for support with regard to her interference claim because that decision, following *Wysong*, likewise affirms that "a plaintiff who is forced to enter continuous FMLA leave will have an actionable claim *only if* . . . the employee unsuccessfully seeks FMLA leave that has already been expended during an earlier, wrongful forced leave." 793 F. Supp.2d 1039 (N.D. Ohio 2011) (emphasis added).

where the issue is whether plaintiff "engaged in protected activity."[3]  *Wierman*, 638 F.3d at 999. Defendants do not contest, at this stage, that plaintiff suffered a materially adverse employment action, which was causally linked to her FMLA leave.  Therefore, the question before the Court is whether an employee who is not entitled to FMLA leave under 29 U.S.C. 2612(a)(1) can state a claim for FMLA discrimination–*i.e.*, that she engaged in protected activity under the FMLA–when the employer has forced her to take FMLA leave under the mistaken belief that she has a serious medical condition.

As defendants point out, a district court in this circuit has held that ineligibility under the FMLA, due to an employee's child not having a serious medical condition, makes it "impossible for her to engage in any activity protected by the statute."  *Schmittou v. Wal-Mart Stores, Inc.*, 2003 WL 22075763 (D. Minn. August 22, 2003).  In *Schmittou*, the court analyzed the medical treatment undergone by the plaintiff's daughter and found that her illness did not qualify as a serious medical condition pursuant to the FMLA statute, 29 U.S.C. § 2611. *Id.* at *6.  For that reason, the court held that the employee's claim of FMLA retaliation failed. *Id.* at *7. Defendants principally rely on the District of New Hampshire's decision in *Duhy v. Concord General Mut. Ins. Co.*, 2009 WL 1650024 (D.N.H. June 10, 2009) in support of their argument. Citing *Schmittou*, the district court held that an employee who requested FMLA leave who did not actually have a serious medical condition could not maintain an FMLA retaliation claim. *Duhy*, 2009 WL 1650024 at *7.  The absence of a serious medical condition "renders the resulting leave unprotected under the FMLA, and is fatal to the required prima facie showing. *Id.*

---

[3]Defendants cite *Thompson v. CenturyTel of Cent. Ark., LLC*, 403 Fed. Appx. 114 (8th Cir. 2010), in support of their argument that plaintiff must establish that she "was entitled to the benefit denied" in order to state a claim of discrimination under the FMLA.  However, this case dealt with an FMLA interference claim, not a discrimination claim.

at *6. Thus, a protected action necessarily requires that an employee is entitled to FMLA leave under 29 U.S.C. 2612(a)(1). *See id.* And despite the presumption that the employer in *Duhy* "erroneously regarded her as suffering from a serious medical condition," the court held that her claim still failed because the FMLA "does not provide for claims based on an employer's mistaken perception of its employee's health." *Id.* at *7.

Although *Duhy* is not a case involving forced FMLA leave, a district court in this circuit has held that "forced or involuntary leave is not, however, in and of itself, actionable under the FMLA." *Heyne*, 589 F. Supp.2d at 1128. In that case, the employer forced the plaintiff to take unrequested FMLA leave because his chronic back pain prevented him from standing for an entire shift, and the eventually plaintiff resigned. *Id.* at 1122. The court denied the employee's FMLA retaliation claim, however, because there was no causal link between the forced leave and the employer's refusal to accommodate the plaintiff's alleged disability. *Id.* at 1128. According to the above authority, an employee must have had a serious medical condition to state a claim for FMLA retaliation, regardless of whether the FMLA leave was voluntary or involuntary.

Plaintiff asserts that defendants should be estopped from arguing that her ineligibility under the FMLA prohibits her from maintaining an FMLA claim because Trinity Marine regarded her as having a serious medical condition and forced her to take FMLA leave. In support of this assertion, plaintiff cites the Seventh Circuit's decision in *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 582 (7th Cir. 2000), where the court invalidated a Department of Labor regulation regarding employee eligibility under the FMLA with regard to the number of hours an employee must work prior to becoming eligible for FMLA leave. *Id.* at 582. Plaintiff cites *Dormeyer* for the proposition that forcing an employee to take FMLA leave prohibits the employer from later arguing that the employee did not have a serious medical condition and is,

therefore, unable to seek relief under § 2615. However, in *Dormeyer*, the court specified only that an employer who "misled an employee concerning that employee's entitlement to family leave *might* . . . be estopped to plead the defense of *ineligibility*" under the FMLA–whether the employee had worked the requisite number of hours to be *eligible* for FMLA leave–not whether she was *entitled* to FMLA leave under 29 U.S.C. 2612(a)(1). *Id.* (emphasis added). Thus, plaintiff's argument in response is not applicable here. The Court, therefore, finds that plaintiff has failed to state a claim for FMLA discrimination/retaliation because she is unable to prove that she engaged in protected activity in that she did not have a serious medical condition.

## IV. Conclusion

For the foregoing reasons, plaintiff has failed to state a claim under the FMLA for either interference or discrimination under 29 U.S.C. § 2615.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss, #6, is **GRANTED**, and plaintiff's complaint is **DISMISSED**.

Dated this ___21st___ day of May, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE